IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER C. WHITCOMB,<br><br>               Plaintiff,<br><br>vs.<br><br>JESSICA C. WEST,<br><br>               Defendant. | 8:17CV274<br><br>**MEMORANDUM<br>AND ORDER** |

On July 28, 2017, the court ordered Plaintiff, an out-of-state prisoner, to provide the court with a certified statement which shows the greater of (1) the average deposits to his institutional account for the past six months (or such lesser period as he has been incarcerated), or (2) the average balance in his institutional account for the past six months (or such lesser period as he has been incarcerated). (Filing No. 6.) The information is necessary for the court to rule on Plaintiff's pending Motion to Proceed in Forma Pauperis (Filing No. 1). To date, Plaintiff has not filed a certified statement or taken any other action in this matter.

Nevertheless, Plaintiff brings this action under 42 U.S.C. § 1983 against Jessica C. West, his public defender in his state criminal proceeding.[1] Plaintiff alleges that West forged his signature on the "Written Arraignment and Waiver of Physical Appearance" form. (*Id*. at CM/ECF pp. 1-2.) He believes that the state district court could not have jurisdiction without the waiver. (*Id*.) Section 1983 requires a plaintiff to show that the person who deprived him of a constitutional right was "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

---

[1] *State v. Alexander C. Whitcomb*, Douglas County District Court Case No. CR 13-149 at https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). In short, Plaintiff fails to state a claim against West because she did not act under color of state law.[2]

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice for failure to state a claim.

2. Plaintiff's Motion to Proceed in Forma Pauperis (Filing No. 1) is denied as moot.

3. A separate judgment will be entered.

Dated this 15th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2] Moreover, Plaintiff suffered no injury if West did forge his signature. The "Written Arraignment and Waiver of Physical Appearance" form asked the state district court to enter a not guilty plea for Plaintiff, and such forms do not establish state district court jurisdiction over criminal proceedings. Pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2008), district courts are vested with general, original, and appellate jurisdiction over civil and criminal matters. *Peterson v. Houston*, 824 N.W.2d 26, 33 (Neb. 2012).